IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


TIMOTHY WALLACE,

    Plaintiff,

vs.                                    CASE NO. 5:04CV59-SPM/AK

RONALD LIPPMANN,

    Defendants.

_____/


**REPORT AND RECOMMENDATION**

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that Defendant was deliberately indifferent to his serious medical needs when he removed Plaintiff's foam donut cushion and replaced it with an inflatable one that failed to work properly. (Doc. 1). Defendant has filed a special report (doc. 26), with attached affidavits and medical records (docs. 27, 28, 29 and 30), which has been construed as a motion for summary judgment (docs. 35 and 36). Despite several extensions of time to respond (docs.31, 33), which were granted (docs. 32, 34), and an admonition to provide evidentiary materials to support his claims (doc. 35), Plaintiff has not responded to the motion.

I.    **Allegations of the complaint (doc. 1)**

Plaintiff claims that Defendant Ronald Lippman, Chief Health Officer at Bay Correctional Institution, was deliberately indifferent to his medical needs when he took

from Plaintiff a cushion donut seat from June 30, 2003, through August 1, 2003. Plaintiff allegedly suffers from low back and coccyx pain. Apparently Plaintiff was allowed another cushion, but it had a leak and he claims that Defendant did not authorize a replacement leaving Plaintiff without a cushion since October 6, 2003.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case." Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986). All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts. Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002). The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. Celotex, 477 U.S. at 322-23. Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. Anderson v. Liberty Lobby, 477 U.S. 242, 251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be

**No. 5:04cv59-spm/ak**

considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)).  The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c).  Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment.  Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

### III.    Defendant's Rule 56 evidence

   a)    Affidavit of Ronald Lippmann

Defendant Lippmann is Chief Health Officer for Corrections Corporation of America at the Bay County facility in Panama City.  He is familiar with the facts concerning Plaintiff's medical care.  He reviewed Plaintiff's medical file when he arrived as a new inmate at the facility in June 2003, and recalls that Plaintiff brought a foam cushion with him that had been issued at the previous facility with a pass for its use

through June 30, 2003. This pass was not revoked and the cushion was not taken from Plaintiff at this time, but when it was observed by the Safety Manager of CCA it was found to be flammable and therefore a safety hazard because inmates at Bay CF can smoke. The security staff removed the cushion and Defendant Lippman sought a suitable alternative, an inflatable, heavy plastic cushion that was bought at facility expense, tested, and demonstrated to Plaintiff as to its use. Defendant Lippmann has prepared a chronology of medical care, as well as attached Plaintiff's medical records to his affidavit, which show that during the time in question (June 18, 2003 through March 2004), he was seen multiple times.

With regard to the donut cushion, the medical records show that Plaintiff came to Bay Correctional Facility with a donut cushion and a pass, which expired on June 30, 2003. (Exhibit 1). Defendant Lippmann reviewed the pass on June 30, 2003, and found no medical need for it. (Exhibit 1). Plaintiff had low back pain and a bullet in his left buttock which had been there for many years. (Exhibit 2, p. 43). The cushion relieved the discomfort resulting from the bullet when sitting for long periods of time. (Exhibit 1, Exhibit 3, p. 9). Defendant examined Plaintiff again on July 15, 2003, and nothing was found to warrant the cushion pass, but x-rays were ordered. (Exhibit 1). On July 24, 2003, after the foreign body was noted on x-ray, a cushion pass was re-issued and a general surgery consultation was ordered. On August 8, 2003, the new cushion was received and given to Plaintiff with instructions for its use. When Plaintiff complained about the cushion on October 3, 2003, it was inspected and tested and found to be effective. He complained again that he wanted the foam cushion he came to Bay CF

**No. 5:04cv59-spm/ak**

with, but was told that it was a fire hazard and would not be returned to him. On November 13, 2003, two different cushions (inflatable) had been issued to him with a notation on November 17, 2003, that he might be popping them himself. (Exhibit 2, p. 25). On December 3, 2003, after consultation, Plaintiff had surgery to remove the foreign body (a bullet) from his left buttock. (Exhibit 2, pp. 1-25). The surgeon ordered a donut cushion for two weeks following surgery, but the pass was not renewed on March 10, 2004, because no medical need existed for its use after the bullet had been removed.

      b)    <u>Affidavit of Donna Dowling</u>

Ms. Dowling is Heath Services Administrator for Corrections Corporation of America in Panama City, Florida, and is familiar with the facts in this case. She attests that Plaintiff brought a foam donut cushion with him to the facility that was issued at a previous facility with a pass for its use through June 30, 2003. Upon inspection of the cushion it was determined to be a safety hazard because it was flammable and the inmates at Bay CF are allowed to smoke. The cushion was taken from Plaintiff and Dr. Lippmann requested a replacement that would comport with safety standards for the facility. Dowling assisted in finding an inflatable replacement and recalls that several cushions were issued to Plaintiff. She also noted that the cushion was inflated and tested to determine its suitability.

**IV.**    **Analysis**

Medical claims under the Eighth Amendment have an objective and subjective component, each of which additionally is considered to encompass two subsidiary

**No. 5:04cv59-spm/ak**

requirements.  Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S.Ct. 774, 147 L.Ed.2d 673 (2001).  The "objective component" of the Eighth Amendment standard requires a determination whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.  See Wilson v. Seiter, 501 U.S. 294, 303, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991).  This objective component varies with the situation and the conduct in question and is responsive to "contemporary standards of decency."  Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); see also Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).  An objectively serious deprivation requires (1) showing an objectively "serious medical need." Estelle, 429 U.S. at 104.  A serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).  In addition, an objectively serious deprivation requires (2) showing the response made by the defendant to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain" and not simply "negligen[ce] in diagnosi[s] or treat[ment]," or even "[m]edical malpractice" actionable under state law. Estelle, 429 U.S. at 105-06 (internal quotation marks omitted). See Taylor, 221 F.3d at 1257; see also Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

A serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Farrow, at 1243, quoting Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir. 1994).

**No. 5:04cv59-spm/ak**

To show the required subjective intent to punish the plaintiff must demonstrate that the defendant acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105.  This is defined as requiring (1) an "aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the actual "draw[ing of] the inference." Farmer, 511 U.S. at 837.  In sum, in a claim of denial of medical attention under the Eighth Amendment "[u]ltimately, there are [] four requirements: an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor, 221 F.3d at 1258.  A purely medical judgment "that in hindsight...may have been poor or even that it may have constituted negligence or medical malpractice does not elevate Plaintiff's claim to a tort of constitutional dimensions." Pate v. Peel, 256 F. Supp.2d 1326, 1327 (N.D. Fla. 2003), citing Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (differences in opinion between medical staff and inmate do not state Eighth Amendment claim).

The affidavits and supporting medical evidence provided by Defendant shows that Plaintiff had a bullet lodged in his left buttock, which had been there for years, and for which he had been prescribed a donut cushion that he brought with him to Bay Correctional Facility.  Although Defendant Lippmann initially thought the cushion not medically necessary, he took an x-ray, saw the foreign body in Plaintiff's buttock, and allowed the cushion, but because the original foam cushion had been taken by security officers as a fire hazard, a new inflatable one was obtained.  Bay Correctional Facility allows smoking by the inmates and the material in the foam cushion was deemed by

**No. 5:04cv59-spm/ak**

security officers at the facility to be flammable.  Defendant Lippmann also arranged for a surgical consultation for removal of the bullet, which resulted in surgery in December 2003.  After Plaintiff healed from the surgery, no donut cushion was authorized because the foreign body had been successfully removed.

Based on the evidence of record, the undersigned is of the opinion that Plaintiff had a serious medical need, but Defendant's actions were more than sufficient in response to that need and in fact Defendant ultimately instigated a medical response that remedied the medical condition from which Plaintiff had suffered for many years.  Plaintiff came to Bay Correctional Facility with a cushion made of material not suitable for the smoking environment at Bay CF and security removed the cushion.  Defendant Lippmann ordered a new cushion after obtaining x-rays and the new cushion arrived within a few weeks of it being taken from Plaintiff.  Plaintiff did not like the inflatable cushion and complained of it several times to Defendant, who examined it, tested it, and found it to be fully functional.  Defendant Lippmann ordered a consultation which resulted in surgery to remove the bullet and no further need of any type of cushion was warranted after Plaintiff healed from the surgery.

Plaintiff has come forward with no evidentiary material contradicting the affidavits and medical evidence and has presented nothing to support his claim that Defendant Lippmann removed the foam cushion, that he did not provide Plaintiff with another one or provided him with a defective one, and that he in any way was deliberately indifferent to Plaintiff's medical needs.  Further, Plaintiff has come forward with nothing to support

**No. 5:04cv59-spm/ak**

that he needed or continues to need a cushion after his surgery in December 2003, or that he has suffered any type of injury resulting from the lack of cushion at any time.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's Motion for Summary Judgment (doc. 36) be **GRANTED**, and Plaintiff's complaint (doc. 1) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this 27th day of February, 2007.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 5:04cv59-spm/ak**